## A89A0865. BOATWRIGHT v. THE STATE.
(387 SE2d 386)

BENHAM, Judge.

Appellant filed this appeal from his 1987 conviction for trafficking in cocaine after the trial court granted him leave to file an out-of-time appeal.

1. Appellant initially questions whether the evidence presented by the State was sufficient to convict him of trafficking in cocaine.

The State presented evidence that appellant's brother was selling cocaine at the brother's home in north Georgia. Pursuant to a GBI/FBI investigation, the law enforcement officers arranged for an informant, wearing a tape-recording device, to make purchases from appellant's brother on three separate occasions. During each pre-arranged meeting, the agents observed a cream or beige Chrysler Cordoba, occupied by a white male, sitting on the nearby interstate's northbound exit ramp to the road on which appellant's brother's home was located. On two occasions, appellant was observed with his brother, at the brother's home, shortly before the pre-arranged drug transaction was to take place. Each time, appellant drove away in a cream-colored Cordoba shortly before the buyer's arrival, parked the Cordoba on the interstate exit ramp, raised the hood, and sat in the car. On the day the agents raided the site of the sale, the home of

appellant's brother, shortly after appellant's brother had sold the informant 151 grams of a mixture that was 64 percent cocaine, appellant drove up to his brother's house in the cream-colored Cordoba from the direction of the interstate and stopped in front of the residence where he was identified and arrested.

"The question of the existence of a conspiracy is ultimately for the jury to determine. (Cit.) The existence of a common design or purpose between two or more persons to commit an unlawful act may be shown by direct or circumstantial evidence. [Cit.] It may be shown by conduct as well as by direct proof or express agreement, by inference as well as deduction from conduct which shows common design on the part of persons charged to act together for the accomplishment of the unlawful purpose. [Cit.]. . . . '(I)t is well settled that when individuals associate themselves in an unlawful enterprise, any act done in pursuance of the conspiracy by one or more of the conspirators is in legal contemplation the act of all.' [Cit.]" *Brown v. State*, 177 Ga. App. 284 (9) (339 SE2d 332) (1985). " 'The "actual possession" required by OCGA § 16-13-31 to authorize a conviction for trafficking refers not merely to physical custody but refers to actual active participation in the [distribution] of such substances so as to be a party to the crime of trafficking.' [Cit.] The evidence at trial was sufficient to authorize a rational trier of fact to find appellant guilty . . . beyond a reasonable doubt [of trafficking in cocaine]. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). [Cit.]" *Dukes v. State*, 186 Ga. App. 815 (369 SE2d 259) (1988).

2. Appellant next contends that the trial court erred in admitting evidence that all of the individuals involved in the investigation which resulted in appellant's indictment, except appellant, his co-defendant, and two fugitives, had pleaded guilty. The conviction of appellant's co-defendant was reversed due to the admission of this evidence. *Mindock v. State*, 187 Ga. App. 508 (2) (370 SE2d 670) (1988). Although appellant failed to object to the admission of the evidence at trial and did not expressly adopt the objection of his co-defendant, usually resulting in a waiver of that objection (*Barnes v. State*, 168 Ga. App. 925 (2) (310 SE2d 777) (1983)), we recognize that " ' "[i]n exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." ' [Cits.]" *Almond v. State*, 180 Ga. App. 475, 480 (349 SE2d 482) (1986). We so view the error involved herein, especially in light of the fact that the man with whom appellant was tried had his conviction reversed due to the admission of the testimony of which appellant now complains. *Mindock v. State*, supra. Accordingly, we conclude that appellant's conviction must be reversed

due to the admission of testimony concerning the guilty pleas by others arrested with appellant.

3. Appellant also contends the trial court erred by charging the jury on conspiracy as well as the substantive offenses with which appellant was charged. "[W]e find that [appellant] has nonetheless waived his right to raise this issue on appeal. Following its charge, the trial court inquired of counsel whether there were any exceptions to the charge. [Appellant's trial] counsel responded there were none on behalf of [appellant]. ' "In order to avoid waiver, if the trial court inquires if there are objections to the charge, counsel must state his objections or follow the procedure set forth in *Gaither v. State*, 234 Ga. 465 (216 SE2d 324) (1975), and approved in *White* [*v. State*, 243 Ga. 250 (253 SE2d 694) (1979)], of reserving his right to object on motion for new trial or on appeal. Here defense counsel neither objected nor reserved the right to later object, and under such circumstances, [appellant] has waived the right to raise the issue on appeal." [Cits.]' " *Wadley v. State*, 257 Ga. 280 (2) (357 SE2d 588) (1987). Even if appellant had preserved the objection for appeal, it was not error to have given the charge, for "it is well settled that where the evidence in a criminal case shows that two or more persons, acting in concert, were concerned in the commission of an alleged crime, it is not harmful error to charge the jury on the law of conspiracy [cit.], for a conspiracy may be proved even though not alleged in an indictment. [Cit.]" *Hamilton v. State*, 162 Ga. App. 620 (4) (292 SE2d 473) (1982).

4. Appellant maintains that the sentence imposed upon him (25 years' incarceration and a $250,000 fine) was illegal. He contends that OCGA §§ 16-13-31 (a) (1) (A) and 16-13-31 (f) provide two separate sentences for the same conduct and that he should be afforded that construction which is "most favorable to his life, liberty and happiness." We do not agree with appellant's statutory interpretation. "It is clear that OCGA § 16-13-31 (a) (1)-(3) establish the *specific mandatory minimum* sentences which are to be imposed for trafficking in cocaine and that the relation of OCGA § 16-13-31 (f) to that scheme is merely to provide for a *general maximum* as to any sentence which is otherwise imposed for trafficking. Appellant was indicted for trafficking in a quantity of cocaine in excess of [28] grams. He was thus sufficiently apprised that, if convicted, he would receive a sentence which, under then existing law, would consist of at least [25] years but no more than 30 years of imprisonment and the payment of a fine [not to exceed $500,000]. Former OCGA § 16-13-31 (a) (3), (f)." *Recoba v. State*, 179 Ga. App. 31, 34 (345 SE2d 81) (1986). Thus, the sentence imposed upon appellant was not illegal.

5. "Appellant did not raise as error the trial court's charge on the element of possession. However, a review of the record reveals that

after defining actual and constructive possession, the trial court instructed the jury that it would be authorized to convict the defendant if it found 'beyond a reasonable doubt that the defendant knowingly had actual or constructive possession either alone or jointly with others.' . . . [A]t the time of the alleged offense in the case at bar, OCGA § 16-13-31 (a) (1) required 'actual' possession. Consequently, the appellate courts of this state have held that a charge such as the one given in the case at bar constitutes reversible error because there is a substantial likelihood that the instruction could have been interpreted by the jury as authorizing a conviction for trafficking in cocaine on a finding of mere constructive possession. [Cits.] Inasmuch as the instruction was substantially in error and harmful as a matter of law, [appellant's] conviction for the offense of trafficking in cocaine must be reversed. OCGA § 5-5-24 (c); [Cits.]" *Riley v. State*, 191 Ga. App. 781 (383 SE2d 172) (1989). See also *Christopher v. State*, 190 Ga. App. 393 (379 SE2d 205) (1989). But see *Green v. State*, 187 Ga. App. 373, 375 (370 SE2d 348) (1988).

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 10, 1989.

*William D. Hentz*, for appellant.
*Ralph Van Pelt, Jr.*, District Attorney, *James D. Franklin*, Assistant District Attorney, for appellee.