A95A1090, A95A1091. CONRAD v. THE STATE; and vice versa.
(457 SE2d 592)

BLACKBURN, Judge.

In Case No. A95A1090, Donna Michelle Conrad a/k/a Adams appeals her conviction of possession of more than 28 grams of a mixture containing methamphetamine, a violation of the Georgia Controlled Substances Act. In Case No. A95A1091, the State appeals the sentence imposed by the trial court.

*Case No. A95A1090*

1. Conrad enumerates the trial court's denial of her motion to suppress evidence as error. Conrad asserts the State failed to prove the confidential informant's reliability to the judge who issued the search warrant.

The affidavit upon which the search warrant was based was prepared by Agent Keith Knowles. In his affidavit, Agent Knowles averred that on October 26, 1993, a confidential informant told him Donna Michelle Conrad and Curt Wayne Conrad lived at 95 Sedgefield Drive, and that Donna Michelle Conrad engaged in the sale and distribution of large quantities of methamphetamine. The informer stated that the methamphetamine comes from a white male subject who lives in Conyers known only as "Al."

Agent Knowles averred that on October 27, 1993, the informant

again contacted him and stated that Barbara Brand, from Conyers, picked up a quantity of money to take to the distributor of the methamphetamine. Brand was supposed to deliver a quantity of methamphetamine to Conrad at 95 Sedgefield Drive on October 28, 1993, between 7:30 a.m. and 8:00 a.m. The informant stated that Brand would be driving a blue and silver Chevrolet S-10 Blazer, and that she would have a block package with her. Agent Knowles further averred that a police surveillance team at the 95 Sedgefield residence confirmed that a woman driving a blue and silver Blazer arrived at the residence at approximately 7:30 a.m. The woman entered the house carrying a package, stayed two or three minutes, and left without the package.

With regard to the confidential informant, Agent Knowles averred that the informant had given information in the past, the latest within the past 72 hours which had proven to be truthful and reliable.

The totality of the circumstances analysis enunciated in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), and adopted by the Georgia Supreme Court in *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984), is employed to determine whether an affidavit sufficiently establishes the probable cause necessary for issuance of a warrant. The issuing magistrate is required to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Id.

"On review of a ruling on a motion to suppress, we construe the evidence most favorably to the trial court's ruling, as the trial court has ruled on disputed evidence and the credibility of the witnesses, and we must accept that ruling unless it is clearly erroneous. We are not authorized to substitute our findings of fact for those of the trial judge." (Citations and punctuation omitted.) *Thomason v. State*, 215 Ga. App. 189 (1) (450 SE2d 283) (1994).

In the present case, the affidavit contained an affirmative statement regarding the informant's past assistance and reliability, detailed information regarding the present crime, and information regarding exact corroboration of the informant's tip by independent police work. This information supported the reliability of the informant, and the trial court correctly denied Conrad's motion to suppress on this ground.

2. In her second enumeration of error, Conrad contends her motion to suppress was improperly denied because the warrant was so overbroad as to constitute an impermissible general warrant.

"The U. S. and Georgia Constitutions guarantee the right to our

citizens to be secure from unreasonable searches and seizures, and that no warrant shall issue except upon probable cause particularly describing the place to be searched, and the persons or things to be seized. This requirement for particularity forbids the issuance of general exploratory warrants. A general warrant is of course void. By definition it is one which does not sufficiently specify the place or the person to be searched. A search warrant is not invalid for want of description of the premises to be searched if the description sufficiently permits a prudent officer executing the warrant to locate the premises, person or property definitely and with reasonable certainty, and without depending upon his discretion. If a search warrant, read as a whole, points out the premises, person or property to the exclusion of all others, and on inquiry leads the officers unerringly to them, it meets the description requirement." (Citations and punctuation omitted.) *Minter v. State*, 206 Ga. App. 692, 693 (426 SE2d 169) (1992).

In the present case, the search warrant described the property as a residence located at 95 Sedgefield Drive, Jonesboro, Clayton County, Georgia. It further described the articles to be seized as "Methamphetamine, other drugs/controlled substances, and other items indicative of the sale/distribution of controlled substances/dangerous drugs which are being possessed in violation of Georgia Law." This warrant sufficiently points out the premises to be searched and names the type of property to be seized. Therefore, we conclude that Conrad's enumeration of error concerning the search warrant is without merit.

## Case No. A95A1091

3. The State appeals the sentence imposed on Conrad by the trial court, contending that it is void due to the trial court's failure to follow the mandatory sentence provided in OCGA § 16-13-31 (e) (1).

Conrad was indicted and found guilty of violating the Georgia Controlled Substances Act by "knowingly possess[ing] more than 28 grams of a mixture containing methamphetamine." The trial court sentenced Conrad to eight years in prison and fined her $10,000. OCGA § 16-13-31 (e) provides that "[a]ny person who knowingly sells, manufactures, delivers, or brings into this state or has possession of 28 grams or more of methamphetamine or of any mixture of methamphetamine . . . commits the felony offense of trafficking in methamphetamine and, upon conviction thereof, *shall* be punished as follows: (1) If the quantity of methamphetamine or mixture involved is 28 grams or more, but less than 200 grams, the person *shall* be sentenced to a *mandatory minimum* term of imprisonment of ten years and shall pay a fine of $200,000.00." (Emphasis supplied.)

In *Boatwright v. State*, 193 Ga. App. 141 (387 SE2d 386) (1989), this court interpreted OCGA § 16-13-31 (a) which provides a similar mandatory minimum sentence for trafficking in cocaine. Therein we held, "[i]t is clear that OCGA § 16-13-31 (a) (1)-(3) establish the *specific mandatory minimum* sentences which are to be imposed for trafficking in cocaine and that the relation of OCGA § 16-13-31 (f) [now codified as subsection (g)] to that scheme is merely to provide for a *general maximum* as to any sentence which is otherwise imposed for trafficking. Appellant was indicted for trafficking in a quantity of cocaine in excess of (28) grams. He was thus sufficiently apprised that, if convicted, he would receive a sentence which, under then existing law, would consist of at least (25) years but no more than 30 years of imprisonment and the payment of a fine (not to exceed $500,000)." *Boatwright*, supra at 143.

The trial court's failure to follow the mandatory sentencing requirement for Conrad's conviction of trafficking in methamphetamine in a quantity of 28 grams or more requires that the sentence be vacated and remanded to the trial court with direction that the trial court follow the mandates of OCGA § 16-13-31 (e) (1), which we are without authority to ignore.

*Judgment affirmed as to conviction; judgment vacated as to sentence and case remanded with direction. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 4, 1995 —

*Lee Sexton & Associates, Lee Sexton*, for appellant.

*Robert E. Keller, District Attorney, Per B. Normark, Assistant District Attorney*, for appellee.