A09A1885. STRICKLAND v. THE STATE.
(687 SE2d 221)

MILLER, Chief Judge.

A jury convicted Tammy Denise Strickland of one count of trafficking in methamphetamine (OCGA § 16-13-31 (f) (1)), whereby the trial court sentenced her to ten years confinement. Thereafter, the trial court held a hearing and resentenced Strickland to ten years confinement and a $200,000 fine. Strickland appeals, contending that the trial court erred in increasing her sentence after she had already begun to serve it. Given that OCGA § 16-13-31 (f) (1) requires a mandatory minimum sentence of ten years and a $200,000 fine, and the sentence as imposed failed to include the fine, the trial court's resentence was valid and authorized under Georgia law. For this reason, we affirm.

---

"This appeal presents a question of law, which we review de novo." (Citations and punctuation omitted.) *Hwang v. State*, 293 Ga. App. 815 (668 SE2d 325) (2008). Strickland's claim to the contrary notwithstanding, we find no error in the trial court's resentence in this case.

"[O]nce a defendant begins serving his sentence, that sentence can only be increased through resentencing where (a) such resentencing is allowed by law, and (b) the defendant has no reasonable expectation in the finality of the original sentence." (Citation and punctuation omitted.) *Williams v. State*, 273 Ga. App. 42, 46 (6) (614 SE2d 146) (2005). Otherwise, "the resentencing constitutes a double punishment that runs afoul of the Fifth Amendment prohibition against double jeopardy [Cit.]" Id. "[I]f[, however,] the sentence imposed was a void sentence, then a new and valid sentence can be imposed . . . at any time." (Citations and punctuation omitted.) *Gonzalez v. State*, 201 Ga. App. 437, 438 (411 SE2d 345) (1991).

A person convicted of the offense of trafficking in methamphetamine, where the quantity of a mixture of methamphetamine is less than 200 grams, "shall be sentenced to a mandatory minimum term of imprisonment of ten years and shall pay a fine of $200,000.00." OCGA § 16-13-31 (f) (1). Nothing about the imposition of the fine is negotiable and "the amount of the fine is specifically directed in plain language." *Davis v. State*, 232 Ga. App. 450, 453-454 (4) (501 SE2d 241) (1998); *State v. Andrews*, 278 Ga. App. 899 (630 SE2d 139) (2006) (conviction for trafficking in cocaine under OCGA § 16-13-31 (a) (1) (A) requires a mandatory fine of $200,000). See also *Conrad v. State*, 217 Ga. App. 388, 391 (3) (457 SE2d 592) (1995) (trial court failed to follow mandatory sentencing requirement for defendant's conviction of trafficking in methamphetamine of twenty-eight grams or more when it sentenced defendant to eight years and a $10,000 fine, requiring the sentence be vacated and case remanded for resentencing in accordance with applicable minimum sentencing mandates).

Here, the record shows that the trial court inadvertently failed to impose the mandatory $200,000 fine when it sentenced Strickland to ten years incarceration. Neither the prosecutor nor the trial court made any mention of the fine at sentencing. Further, the transcript of the resentencing hearing shows that the trial court simply "made the mistake" of failing to impose the statutory fine when it sentenced Strickland, and after realizing its oversight, it scheduled a resentencing hearing to correct the omission. Though it is undisputed that Strickland had already begun serving her sentence when she was resentenced, it is inconsequential because the fine was statutorily mandated and the sentence as initially imposed was void.

YALE LAW LIBRARY

See *Gonzales*, supra, 201 Ga. App. at 438; see also *Andrews*, supra, 278 Ga. App. at 899 (trial court's refusal to impose $200,000 fine mandated by trafficking in cocaine statute was error and required resentencing). Thus, the resentence did not result in an increase in Strickland's sentence because the trial court merely corrected the sentence in accordance with OCGA § 16-13-31 (f) (1). *Conrad*, supra, 217 Ga. App. at 390-391 (3). Compare *Williams*, supra, 273 Ga. App. at 47 (6) (after defendant had already begun serving his sentence for aggravated assault, the trial court increased defendant's sentence from 15 years to 20 years). And Strickland had no reasonable expectation in the finality of her sentence where OCGA § 16-13-31 (f) (1) mandated that, upon conviction, her sentence shall be comprised of a minimum of ten years imprisonment and payment of a $200,000 fine. See *Boatwright v. State*, 193 Ga. App. 141, 143 (4) (387 SE2d 386) (1989) (where defendant was indicted for trafficking in a quantity of cocaine in excess of 28 grams under former OCGA § 16-13-31 (a) (3), (f), he was "sufficiently apprised that, if convicted, he would receive a sentence which, under then existing law, would consist of at least 25 years but no more than 30 years of imprisonment and the payment of a fine not to exceed $500,000") (citations and punctuation omitted).

Further, we cannot conclude, as Strickland argues, that the trial court had the authority to suspend her fine (OCGA § 17-10-1) because the suspended sentence provisions of OCGA § 17-10-1 (a) are inapplicable to the mandatory sentence provisions of OCGA § 16-13-31 regarding trafficking in methamphetamine. See *Gillen v. State,* 286 Ga. App. 616 (649 SE2d 832) (2007) (trial court lacked authority to probate or suspend sentences imposed under OCGA § 16-13-31); OCGA § 16-13-31 (g) (1) ("imposition of [a] sentence [under the trafficking statute] shall not be suspended, probated, deferred, or withheld prior to serving the mandatory minimum term of imprisonment[ ]"). Even were it otherwise, the trial court did not make a conscious or implicit decision to suspend the fine; it simply failed to address it. Compare *Weems v. State*, 295 Ga. App. 680, 684 (5) (673 SE2d 50) (2009) ("[i]n the absence of any affirmative showing to the contrary, the trial court is presumed to have exercised its discretion in imposing a defendant's sentence") (citation and punctuation omitted).

"As the original sentence imposed upon [Strickland] was void and as [her] case was still pending until a lawful sentence could be imposed upon [her], [Strickland's] claim of double jeopardy fails. [Cits.]" *Bryant v. State*, 229 Ga. App. 534, 536 (1) (494 SE2d 353) (1997); *Gonzales*, supra, 201 Ga. App. at 438.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 20, 2009.

*Hugh M. Hadden, Sam B. Sibley, Jr.*, for appellant.
*Ashley Wright, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.