### A10A0285. HILLIS v. THE STATE.
(692 SE2d 793)

MIKELL, Judge.

Donald M. Hillis pled guilty to three counts of child molestation and was given concurrent sentences of twenty years probation on condition that he serve three years in a Department of Corrections (the "Department") detention center.[1] Thereafter, Hillis was assigned to the Southeastern Probation Center ("Southeastern") in Claxton where the Department conducted a medical evaluation and allegedly determined that his medical issues could be more appropriately addressed by his transfer to Ware State Prison.[2] Following the transfer, Hillis filed a motion to modify his sentence, contending that his reassignment unlawfully increased the severity of his sentence and asking that he be returned to Southeastern or that he be given alternative probation options, such as home confinement. The trial court denied the motion, and Hillis appeals. We affirm.

In two related enumerations, Hillis contends that the trial court erred in denying his motion to modify sentence because his reassignment from Southeastern to Ware State Prison constituted an increase in his sentence. In support of this contention, Hillis points out that the appellate courts of this state have consistently held that "incarceration" and "probation" are mutually exclusive concepts and that converting a defendant's sentence from probation time to prison time constitutes an unlawful increase in his/her sentence.[3] While Hillis correctly cites *Blake*, *Pitts*, and *Edge* in support of this

---

[1] In conjunction with his guilty plea, Hillis signed a "Special Conditions of Probation Detention Center" form, which provided that "[d]uring the period of confinement, the [Department] may transfer the Defendant to other facilities in order to provide needed health care or other cause essential to the care and supervision of the Defendant or as necessary for the effective administration and management of its facilities."

[2] Hillis is 68 years old and suffers from heart problems.

[3] See *Blake v. State*, 272 Ga. App. 402, 403-406 (1) (612 SE2d 589) (2005); *Pitts v. State*, 206 Ga. App. 635, 638-639 (3) (426 SE2d 257) (1992) ("[i]n the absence of express statutory authority recognizing continuous and uninterrupted incarceration in a jail or penitentiary as a viable condition of probation and establishing the parameters thereof, . . . imposition of *any* term of continuous and uninterrupted incarceration in a jail or penitentiary as a special condition of probation . . . is unauthorized by law"); *Edge v. State*, 194 Ga. App. 466, 467 (391 SE2d 18) (1990). Compare OCGA § 42-5-18 (a) (2), which defines "place of incarceration" as "any prison, *probation detention center*, jail, or institution, including any state, federal, local,

proposition, those cases are inapplicable to this case.

OCGA § 42-8-35.4 authorizes the trial court to sentence a defendant such as Hillis to a program of confinement in a probation detention center and expressly permits the Department to exercise its discretion and transfer a probationer "to other facilities in order to provide needed physical and mental health care or for other reasons essential to the care and supervision of [that] probationer or as necessary for the effective administration and management of its facilities."[4] The Code section does not require the Department to transfer a probationer to a *probation detention center* nor does it prohibit the Department from transferring a probationer to a *prison*. Had the legislature intended to limit the Department's transfer authority to other *probation detention centers* it could have done so. Instead, it used the broader term *facilities*.[5] Moreover, Hillis expressly agreed — as a special condition of probation — that the Department may transfer him to other facilities if necessary. The decision to transfer a probationer to another facility is made by the Department and does not involve the trial court.

We also reject Hillis's contention that *Edge*[6] is "similarly postured" to this case. *Edge* concerns the trial court's authority to resentence a probationer to prison time after that probationer has begun serving his probated sentence.[7] This case concerns the Department's authority to transfer a probationer to another Department facility after that individual has begun serving his sentence. While the former action is unlawful, the latter is expressly authorized by statute.

Because Hillis's sole complaint goes to the Department's decision to transfer him under OCGA § 42-8-35.4 (c), his claim is cognizable only in a mandamus action against the Commissioner of the Department of Corrections or in a petition for habeas corpus.[8] It

---

or privately operated facility, used for the purpose of incarcerating criminals or detainees." (Emphasis supplied.)

[4] OCGA § 42-8-35.4 (a), (c).

[5] The General Assembly did not specifically define the term "facility" in the probation article; however, it is defined in the employee benefit fund article as "a prison, institution, detention center, diversion center, probation office, or such other similar property under the jurisdiction or operation of the department." OCGA § 42-2-15 (a) (4). See *Harris v. State*, 286 Ga. 245, 247-248 (4) (686 SE2d 777) (2009), citing *Higdon v. City of Senoia*, 273 Ga. 83, 86 (3) (538 SE2d 39) (2000) ("All statutes are presumed to be enacted with full knowledge of existing law and their meaning and effect is to be determined with reference to the constitution as well as other statutes and decisions of the courts") (citation omitted).

[6] Supra.

[7] Id.

[8] See, e.g., *Maldonado v. State*, 260 Ga. App. 580, 581 (580 SE2d 330) (2003) (calculation of credit for time served is computed by the Department of Corrections and does not involve the trial court).

follows that the trial court did not err in denying Hillis's motion to modify his sentence.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED MARCH 26, 2010.

*Balbo & Gregg, Attilio J. Balbo*, for appellant.

*Tom Durden, District Attorney, Ronald J. Poirier, Assistant District Attorney*, for appellee.