A10A0974. IN RE ROBERT WHITE.
(702 SE2d 694)

BARNES, Presiding Judge.

Pursuant to OCGA § 42-1-12 (g) (2009), Robert White appeals from the trial court's order denying his petition for release from the requirement that he register as a sexual offender for life. For the reasons that follow, we affirm.

White was sentenced to twelve years for statutory rape on July 15, 1998, and served eight months of his sentence in a Department of Corrections Probation Detention Center. White was released from the center in March 1999 pursuant to an order modifying his sentence, and the trial court terminated his probation on July 25, 2005. In May 2009, White petitioned the superior court to release him from the sex offender registration requirements pursuant to OCGA § 42-1-12 (g), which at that time provided that a defendant may file such a petition ten years after he is released "from prison . . . *or* probation." OCGA § 42-1-12 (g) (2) (B) (2009).[1] The State appears to concede that, under the statute as it existed then, if White had been released from "prison" in 1999, the ten-year waiting period would have begun to run then, despite the fact that he was still on

---

[1] In 2010, the legislature rewrote subsection (g) of OCGA § 42-1-12, which now simply provides that a sex offender may petition to be released from the registration requirement "in accordance with the provisions of [OCGA §] 42-1-19." OCGA § 42-1-19 is a new statute which defines the petition process in much greater detail. For example, subsection (c) (2) (A) specifies that ten years must elapse "since the individual completed all prison, parole, supervised release, and probation for the offense which required registration" before a petitioner may be released from the registration requirement. Thus, even if the detention center were the equivalent of prison, under this statute the ten-year waiting period would not begin to run until White's probation ended.

probation. White argued that being confined in the detention center was equivalent to being confined in prison, and that the requisite ten years had passed since his release from that confinement. The court denied the request, holding that the ten-year period began running upon the termination of his probation in 2005. White appeals this denial.

OCGA § 42-1-12 (g) (1) provided that the trial court "may issue an order releasing the sexual offender from further registration if the court finds that the sexual offender does not pose a substantial risk of perpetrating any future dangerous sexual offense." Under the pre-2010 version of OCGA § 42-1-12, a successful petitioner must show two things: First, he must show that he was sentenced pursuant to OCGA § 17-10-6.2 (c), which allows the trial court to deviate from the mandatory minimum sentences for specified sexual offenses if the offender meets certain criteria. Second, the petitioner must show that ten years had elapsed from the date of his release from "prison, parole, supervised release, or probation." OCGA § 42-1-12 (g) (2).

The trial court in this case initially denied White's petition on the ground he failed to satisfy both requirements of OCGA § 42-1-12 (g) (2) because he was not sentenced under OCGA § 17-10-6.2 and because ten years had not passed since his release from probation. Upon White's motion for reconsideration, the court vacated its order and held that, while it believed White would not commit a similar offense in the future and thus under our case law met the first requirement of OCGA § 42-1-12 (g) (2), he did not meet the second requirement because ten years had not elapsed from the time his probation was terminated.

1. White contends that the Georgia Department of Corrections Probation Detention Center is the equivalent of "prison," and thus his ten-year waiting period began running when he was released from the detention center in 1999. The Georgia Code does not define "prison." In *Pitts v. State*, 206 Ga. App. 635, 637 (3) (426 SE2d 257) (1992), we considered whether a trial court could include as a condition of probation that the defendant serve 48 months of "continuous and uninterrupted incarceration in the Colquitt County Correctional Institution." We held that incarceration was not a permissible special condition of probation, because by definition probation is an alternative to continuous confinement.

> [A] sentence of "incarceration" denotes a continuous period of confinement in a jail or penitentiary uninterrupted by periods of freedom, whereas a sentence to be served on "probation" denotes a limitation of freedom short of requiring the service of a continuous and uninterrupted period of

> confinement in a jail or penitentiary. A defendant sentenced to serve a continuous and uninterrupted period of confinement in a jail or penitentiary is "incarcerated." A defendant sentenced to undergo other forms of confinement is on "probation."

(Emphasis omitted.) Id. White argues that his confinement in the Probation Detention Center similarly constituted incarceration: he was taken from court in physical restraints to the facility, which was surrounded by razor wire fences and guards. His confinement was "continuous and uninterrupted," and he was under 24-hour surveillance, with fixed times for visitation, eating and showering. Thus, he argues, he was in "prison" and when he was released the ten-year waiting period required by OCGA § 42-1-12 (g) began to run.

But the court in *Pitts* also held that a trial court may sentence a defendant both to a fully probated sentence and to confinement in a local jail for intermittent periods, or to a probated sentence and confinement in an institution other than a jail or penitentiary for a continuous period. Id. at 639. We subsequently held that a defendant could be sentenced to probation and to limited confinement in a probation detention center. *Penaherrea v. State*, 211 Ga. App. 162 (438 SE2d 661) (1993). In *Penaherrea*, we noted that OCGA § 42-8-34.1 (b) (now subsection (c)), lists probation detention centers as an alternative to confinement in prison upon a probation revocation, demonstrating "the intention that such types of limited confinement are authorized terms of a sentence of probation." Id. at 163 (1).

Considering *Pitts* and *Penaherrea*, White's argument that his confinement in a probation detention center was equivalent to confinement in prison is not persuasive. Because White was not released from "prison" in 1999, the ten-year waiting period did not begin to run from that date but rather began running in 2005, the date he was released from probation.

2. White also argues that it would be unjust to require him to wait longer before he can petition to be removed from the registry requirement, because the legislature intended to allow a nondangerous sex offender like himself to petition for relief ten years after he was released from the detention center. Surely, he contends, the legislature did not intend for him to wait 22 years before he could petition for relief. White was sentenced in 1998, however, and released from probation in 2005, making him eligible to petition for relief in 2015, 17 years after being sentenced, not 22. Further, because the Probation Detention Center is not a "prison," under the plain terms of the statute White must wait until 2015 to petition for relief. "Where statutory language is plain and unequivocal and leads

to no absurd or impracticable consequence, the court has no authority to place a different construction upon it." *Frazier v. State*, 284 Ga. 638, 641 (2) (668 SE2d 646) (2008). The 2009 version of OCGA § 42-1-12 (g) is not ambiguous or subject to alternative interpretations.

3. Finally, the State argues that the trial court erred in determining that White satisfied OCGA § 42-1-12 (g) (2) (A), because he was not sentenced under OCGA § 17-10-6.2 as the statute allowing the petition requires. But OCGA § 42-1-12 became effective on July 1, 2006, years after White was sentenced, and thus he could not have met the literal requirement that he be sentenced under that statute. This Court has held that a defendant sentenced before the effective date of OCGA § 17-10-6.2 may still petition the court for removal from the sex offender registry if he were sentenced to less than the mandatory minimum sentences of confinement for the eligible offense, even though his sentence did not cite OCGA § 17-10-6.2. *Miller v. State*, 291 Ga. App. 478, 480-481 (662 SE2d 261) (2008). "To construe [OCGA § 42-1-12 (g) (2)] otherwise would plainly contravene its objective to provide petitioners a basis for seeking relief from the continuing duty to register as sexual offenders." Id. at 481-482. Accordingly, the trial court did not err in determining that White met the requirement of OCGA § 42-1-12 (g) (2) (A) (2009).

*Judgment affirmed. Senior Appellate Judge G. Alan Blackburn and Senior Appellate Judge Marion T. Pope, Jr., concur.*

DECIDED OCTOBER 6, 2010.

*Franklin, Taulbee, Rushing, Snipes & Marsh, James B. Franklin, Lawton C. Heard, Jr.*, for appellant.

*Richard A. Mallard, District Attorney, Keith A. McIntyre, Assistant District Attorney*, for appellee.