**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 9, 2023**

# In the Court of Appeals of Georgia

A22A1247. PITTMAN v. THE STATE.

MARKLE, Judge.

After Matthew Douglas Pittman was convicted of several misdemeanor traffic violations, simple assault, and DUI (less safe), he was sentenced to serve 180 days in a probation detention center ("PDC"), followed by a term of probation. The trial court later modified Pittman's sentence because he was not eligible to serve his time in a PDC, and it imposed a new sentence of 170 days in the county jail, followed by probation. Pittman appeals from this modified sentence, arguing that the trial court (1) lacked authority to resentence him to incarceration in the county jail, and (2) erred by failing to resentence him in open court. Although we conclude that the trial court

was within its discretion to correct Pittman's void sentence and impose jail time, we vacate and remand for the trial court to resentence Pittman in open court.[1]

The underlying facts are undisputed. Pittman was charged with aggravated assault, DUI (less safe), hit and run, and several moving violations. Following a trial, he was convicted of simple assault, as a lesser-included offense of aggravated assault, DUI (less safe), and the moving violations.[2] The trial court initially sentenced Pittman to a total of 36 months, with the first 180 days to be served in confinement in a PDC, and the remainder on probation, and it required him to pay a fine and complete community service.[3] Pittman met with a probation officer, paid his fine, and began performing his community service.

---

[1] We have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required number of judges, however, voted in favor of considering the case en banc.

[2] The jury acquitted Pittman of hit and run.

[3] The sentences consisted of consecutive 12-month sentences for simple assault, DUI (less safe), and aggressive driving, with concurrent 12-month sentences on the remaining charges.

Thereafter, probation notified the State that the PDC would not accept Pittman because he had not been convicted of a felony, as required under OCGA § 42-8-35.4,[4] to be eligible for placement in a PDC. The State then recommended that Pittman's sentence be corrected to impose 180 days in the county jail.[5] Pittman opposed any modification, arguing that the court could not impose a harsher sentence because he had begun serving it, and the court should instead simply strike the void portion.

Following a hearing, the trial court rejected Pittman's arguments and modified the sentence imposed to substitute 170 days in county jail in place of the time in the PDC. Pittman now appeals.

---

[4] Under OCGA § 42-8-35.4 (a),

[n]otwithstanding any other terms and conditions of probation which may be imposed, a court may require that a defendant convicted of a felony and sentenced to a period of not less than one year on probation or a defendant who has been previously sentenced to probation for a forcible misdemeanor . . . or a misdemeanor of a high and aggravated nature and has violated probation or other probation alternatives and is subsequently sentenced to a period of not less than one year on probation shall complete satisfactorily, as a condition of such probation, a program of confinement, not to exceed 180 days, in a probation detention center.

[5] The State did not file a motion for modification.

1. In related arguments, Pittman challenges the modified sentence because he had already started serving it, and he argues that by entering a more severe sentence, the trial court violated double jeopardy provisions in both the state and federal Constitutions. He contends instead that the proper remedy was for the court to strike the void portion of his original sentence and leave the remainder intact. We disagree.

As the parties concede, Pittman could not be sentenced to serve his time in a PDC after he was convicted of misdemeanor offenses. See *Wilson v. Windsor*, 280 Ga. 576, 577-578 (1) (630 SE2d 367) (2006) (reading OCGA §§ 17-10-1 (a) (3) (A) and 42-8-35.4 together, defendants sentenced for a misdemeanor cannot receive a term in a PDC). Thus, the original sentence was void, and the trial court had the authority to amend its sentence. *Parrott v. State*, 312 Ga. 580, 582 (3) (864 SE2d 80) (2021) ("a sentence is void if the court imposes punishment that the law does not allow" and the trial court is authorized to correct a void sentence) (citation omitted); *Reynolds v. State*, 272 Ga. App. 91, 94 (2) (611 SE2d 750) (2005). The issue, then, is what discretion the court had in fashioning the amended sentence.

"A void sentence in law amounts to no sentence at all" and once a sentence has been found null and void, the trial court has the discretion to impose a new sentence consistent with statutory limits. *Harrison v. State*, 330 Ga. App. 570, 574 (2) (b) (768

SE2d 762) (2015); see also *Parrott*, 312 Ga. at 583 (3); *Phillip v. State*, 313 Ga. App.

302 (721 SE2d 214) (2011). As set out in OCGA § 17-10-3 (a) (1), the trial court was

authorized to impose a sentence that involved incarceration in the county jail. Thus,

once the trial court determined that the PDC sentence was void, it had the discretion

to amend the sentence to include jail time. See *Parrott*, 312 Ga. at 583 (3), 585 (3).

Pittman contends that the trial court could not increase his sentence because he

had started serving it by paying his fine and meeting with a probation officer. See

*Tyson v. State*, 301 Ga. App. 295, 297 (2) (687 SE2d 284) (2009) (physical precedent

only) ("It is well established in Georgia jurisprudence that the sentencing court may

not increase a sentence once the defendant begins serving it without violating the

prohibition against double jeopardy in both the Georgia and Federal constitutions.")

(citations and punctuation omitted); *Edge v. State*, 194 Ga. App. 466, 467 (391 SE2d

18) (1990) (court may not increase sentence once defendant has started serving it, and

meeting with a probation officer is sufficient to show that the defendant has started

to serve his sentence); *Inman v. State*, 124 Ga. App. 190, 192-193 (1) (183 SE2d 413)

(1971) (oral sentence was binding once defendant began serving it by meeting with

probation officer and paying the fine, and trial court could not resentence defendant

to more severe punishment). Even assuming that the amended sentence constituted

an *increase* in the sentence imposed,[6] our courts have since explained that "a defendant may be resentenced after the original sentence has begun being served, so long as (a) such resentencing is allowed by law, and (b) the defendant has no reasonable expectation in the finality of the original sentence." (Citation and punctuation omitted.) *Harris v. State*, 362 Ga. App. 763, 765-766 (870 SE2d 72) (2022); see also *Parrott*, 312 Ga. at 582-583 (3) (after original sentence determined to be void, trial court had authority to resentence defendant to more onerous punishment without violating double jeopardy even though defendant had started serving his sentence); *Loveless v. State*, 344 Ga. App. 716, 718-719 (1) (a) (812 SE2d 42) (2018) (trial court retains jurisdiction to resentence defendant where original

---

[6] See *In re White*, 306 Ga. App. 365, 366-367 (1) (702 SE2d 694) (2010) (noting the distinction between incarceration and confinement in a PDC); see also *Hillis v. State*, 303 Ga. App. 201, 201-202 (692 SE2d 793) (2010) (where placement in a PDC was a condition of probation, noting that "'incarceration' and 'probation' are mutually exclusive concepts and . . . converting a defendant's sentence from probation time to prison time constitutes an unlawful increase in his/her sentence."); *Pitts v. State*, 206 Ga. App. 635, 637 (3) (426 SE2d 257) (1992) ("A defendant sentenced to serve a continuous and uninterrupted period of confinement in a jail or penitentiary is 'incarcerated.' A defendant sentenced to undergo other forms of confinement is on 'probation.'"); but see OCGA § 42-8-35.4 (c) (permitting department of corrections to transfer probationer to other facilities, including jail); *Hillis*, 303 Ga. App. at 202 (permitting transfer from PDC to jail after probationer has started serving sentence); *Strickland v. State*, 301 Ga. App. 272, 274 (687 SE2d 221) (2009) ("the resentence did not result in an increase in [defendant's] sentence because the trial court merely corrected the sentence in accordance with" the statute.).

6

sentence was void), disapproved of on other grounds by *Nordahl v. State*, 306 Ga. 15, 19 (1), n. 8 (829 SE2d 99) (2019); *Strickland v. State*, 301 Ga. App. 272, 273 (687 SE2d 221) (2009) ("Though it is undisputed that [defendant] had already begun serving her sentence when she was resentenced, it is inconsequential because . . . the sentence as initially imposed was void."). It is well-settled that a defendant has no legitimate expectation of finality where the sentence was void, and thus the trial court was authorized to impose a new, and more severe, sentence even though Pittman had started serving it. See *Parrott*, 312 Ga. at 582-583 (3). To the extent that *Edge* and *Inman* hold otherwise, they are disapproved.

Moreover, because Pittman did not have a legitimate expectation of finality in his original sentence, the modified sentence did not violate double jeopardy, as he contends. See *Parrott*, 312 Ga. at 582-583 (3); *Strickland*, 301 Ga. App. at 274 ("As the original sentence imposed upon [the defendant] was void and as [his] case was still pending until a lawful sentence could be imposed upon [him], [the defendant's] claim of double jeopardy fails"); *Harrison v. State*, 330 Ga. App. 570, 574 (2) (b) (768 SE2d 762) (2015) ("The double jeopardy clause of the Fifth Amendment prevents a court from increasing a defendant's sentence after the defendant has begun to serve it where doing so would upset the defendant's legitimate expectation of

7

finality in his sentence.") (citation and punctuation omitted). Thus, Pittman's argument fails.

Finally, contrary to Pittman's argument, the trial court was not required to vacate only the void portion of the sentence and leave the valid portion intact. Rather, the trial court has discretion to impose an amended sentence, and that discretion permits the court to either vacate the entire sentence or strike only the void provision. *Parrott*, 312 Ga. at 583-584 (3); see also *State v. Stanford*, 312 Ga. 707, 711 (864 SE2d 448) (2021). For these reasons, the trial court was within its discretion to impose a sentence of jail time after finding that the original sentence was void.

2. Pittman next argues, and the State correctly concedes, that the trial court erred when it failed to sentence him in open court.

> A criminal defendant has the right to be present at all critical stages of the proceedings against him. Thus, where a defendant is resentenced, or a sentence is amended, the defendant should be allowed to be present. That is because a resentencing proceeding is a critical stage in which a defendant's rights may be lost, privileges may be claimed or waived, or in which the outcome of the case can be substantially affected.

(Citations and punctuation omitted.) *Barber v. State*, 350 Ga. App. 309, 316 (4) (827 SE2d 733) (2019); see also *Taylor v. State*, 295 Ga. App. 689, 690 (1) (673 SE2d 7)

8

(2009). "[A]bsence during a critical stage of [the] criminal proceedings, without a valid waiver of those rights, constitutes a violation of [the] right to be present which is presumed prejudicial and is not subject to a harmless error analysis under Georgia law." *Taylor*, 295 Ga. App. at 690 (1).

Although the trial court held a hearing at which both Pittman and his counsel were present, the trial court did not issue its amended sentence in open court. Instead, the order was e-mailed to the parties. As such, the trial court erred, and we must vacate the sentence imposed and remand with instructions for the trial court to reimpose the modified sentence in open court. *Taylor*, 295 Ga. App. at 690 (1).

*Judgment vacated and case remanded. Dillard, P. J., and Mercier, J., concur.*