S04G0894. WILFORD v. THE STATE.
(606 SE2d 252)

SEARS, Presiding Justice.

Certiorari was granted to consider whether, after it was discovered that appellant had made affirmative misrepresentations to the trial court concerning his eligibility for first offender treatment, his sentence under the First Offender Act could be revoked and he could be resentenced. We find that such revocation and resentencing is permissible, and therefore we affirm.

Appellant Charles Wilford, also known as Charles Ikori, was arrested and indicted on seven counts of forgery. Appearing before the trial court, appellant pled guilty to all counts and requested that he be sentenced under the First Offender Act.[1] In response, the trial court inquired whether appellant had previously been convicted under the alias Charles Ikori on federal charges in the Northern District of Georgia. Appellant assured the trial court that he had never been convicted of any crime, and told the court that although he had previously been arrested in the Northern District, the case against him had been dismissed. After warning appellant that his sentence would be revoked if it was discovered that he had been untruthful about being a first-time offender, the trial court granted the request for first offender treatment and sentenced appellant to ten years probation, with twelve months to be served in a detention center. Appellant began to serve his sentence shortly thereafter.

After sentencing, the State obtained a certified copy of the Northern District conviction, which showed that appellant, under the alias Charles Ikori, had in fact been convicted of the federal crimes he was questioned about by the trial court. The State then moved the trial court to set aside appellant's first offender sentence and resentence him. A hearing was held, at which defense counsel stipulated that appellant had a prior felony conviction and was not eligible for treatment under the First Offender Act. Counsel explained to the court that following his conviction on federal charges, appellant had served six months in a detention facility before being deported to England. While in England, appellant changed his name to Ikori, obtained a new visa, and returned to the United States. Counsel

---

[1] OCGA § 42-8-60 et seq.

explained that appellant had lied to the trial court about his earlier conviction because he feared a second deportation.

The trial court found that appellant had not been eligible for first offender treatment at the time of his original sentencing, set aside the original sentence, and re-sentenced appellant to thirty-five years, with ten years to serve. The Court of Appeals affirmed.[2]

Appellant argues that the prohibition against double jeopardy, as set forth in the Fifth Amendment to the United States Constitution, absolutely forbade the trial court from increasing his sentence once he had begun to serve it. In support of this argument, appellant points to this Court's holding in *Higdon v. Cooper*, that "[o]nce a defendant begins to serve his sentence, it may not be increased,"[3] even where the defendant has lied about his eligibility for first offender treatment.

*Higdon* and its supporting authority were consistent with early precedent from the United States Supreme Court, which held in *United States v. Benz*[4] that once a defendant begins to serve his sentence, the sentence may be decreased, but may not be increased:

> The distinction that the court . . . may amend a sentence so as to mitigate the punishment, but not so as to increase it, is not based upon the ground that the court has lost control of the judgment in the latter case, but upon the ground that to increase the penalty is to subject the defendant to double punishment for the same offense in violation of the Fifth Amendment to the Constitution, which provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb."[5]

If this holding remained good law, it would support the argument appellant advances. However, in a subsequent decision, *United States v. DiFrancesco*,[6] the Supreme Court retreated from its reasoning in *Benz*, held that the language quoted above was mere dicta and limited the *Benz* holding to the proposition that a trial court is authorized to reduce a defendant's sentence once service has begun.[7] The *DiFrancesco* decision then went on to hold that a defendant may be resentenced after the original sentence has begun being served, so

---

[2] *Wilford v. State*, 265 Ga. App. 153 (592 SE2d 923) (2004).

[3] 247 Ga. 746 (279 SE2d 451) (1981), citing *England v. Newton*, 238 Ga. 534, 536 (233 SE2d 787) (1977).

[4] 282 U. S. 304 (51 SC 113, 75 LE 354) (1931).

[5] 282 U. S. at 307.

[6] 449 U. S. 117 (101 SC 426, 66 LE2d 328) (1980).

[7] 449 U. S. at 138.

long as (a) such resentencing is allowed by law, and (b) the defendant has no reasonable expectation in the finality of the original sentence.[8]

In *DiFrancesco*, the Court considered whether a federal statute allowing the government to seek resentencing of a "dangerous special offender" violated the prohibition against double jeopardy. The Court held that:

> Although it might be argued that the defendant perceives the length of his sentence as finally determined when he begins to serve it, and that the trial judge should be prohibited from thereafter increasing the sentence, that argument has no force where, as [in this case], Congress has specifically provided that the sentence is subject to appeal. Under such circumstances, there can be no expectation of finality in the original sentence [and resentencing is permissible].[9]

Thus, where the legislature has provided that a sentence, once imposed, is subject to appeal and/or subsequent modification, it is not considered final or absolute. In those circumstances, "the guarantee against multiple punishment" at the core of double jeopardy protections is not implicated.[10] Simply put, "the double jeopardy considerations that bar reprosecution after an acquittal do not prohibit review of a sentence [that is] statutorily permissible."[11]

Applying this reasoning to the present appeal, we conclude that appellant's resentencing did not run afoul of double jeopardy concerns. The Georgia First Offender Act specifically provides that upon finding a defendant was improperly given first offender treatment, the trial court may "enter an adjudication of guilt and proceed as otherwise provided by law."[12] Accordingly, a defendant who, like appellant, is improperly found eligible for first offender treatment may have his sentence revoked and be resentenced under Georgia law. Moreover, a defendant in appellant's position, who knowingly provided false information to the trial court in order to receive first offender treatment, has no reasonable expectation that the resulting sentence is final.[13] Therefore, consistent with the *DiFrancesco* opin-

---

[8] 449 U. S. at 138-139. The Court also explained that historically, the double jeopardy concerns that bar successive prosecutions after acquittal do not prohibit courts from reviewing sentences once they have been imposed. 449 U. S. at 136-137.

[9] 449 U. S. at 139.

[10] 449 U. S. at 139-140.

[11] 449 U. S. at 136.

[12] OCGA § 42-8-60 (b).

[13] See 449 U. S. at 136. Compare *United States v. Jones*, 722 F2d 632 (11th Cir. 1983) (where defendant was improperly sentenced solely due to trial court error and through no fault of his own, he had a reasonable expectation in the finality of his sentence; therefore, double jeopardy concerns prohibited the district court from resentencing him).

ion discussed above, the trial court was authorized to revoke appellant's original sentence under the First Offender Act and to resentence him under applicable law.[14]

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 22, 2004.

*Thomas E. Maddox, Jr.*, for appellant.
*J. David McDade, District Attorney, Christopher R. Johnson, Jeffrey L. Ballew, Assistant District Attorneys*, for appellee.

---

[14] The contrary rulings in *Higdon v. Cooper*, supra, and *England v. Newton*, supra, are hereby overruled. This opinion is intended to have application only with regard to those criminal defendants who are given treatment under the Georgia First Offender Act, OCGA § 42-8-60 et seq.