300 Ga. 457
FINAL COPY

S16A1600. DENNIS v. THE STATE.

MELTON, Presiding Justice.

On October 18, 1998, Robert James Dennis, who was 17 years old, pled guilty to several charges, including malice murder, in connection with the February 22, 1997 shooting death of Louise Carter. Dennis was sentenced, in relevant part to this appeal, to life in prison without the possibility of parole for malice murder. On October 14, 2015, the State filed a motion to amend Dennis' sentence based on the United States Supreme Court's decision in Miller v. Alabama, 567 U. S. 460 (132 SCt 2455, 183 LE2d 407) (2012), which held that the Eighth Amendment's prohibition of cruel and unusual punishment "forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders" without a sentencing court first "tak[ing] into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." Id. at 2469 (II). The United States Supreme Court further refined its ruling in Miller, supra, in Montgomery v. Louisiana, ___ U. S. ___ (136 SCt 718, 193 LE2d 599) (2016), stating in

relevant part:

> A hearing where "youth and its attendant characteristics" are considered as sentencing factors is necessary to separate those juveniles who may be sentenced to life without parole from those who may not. The hearing does not replace but rather gives effect to <u>Miller's</u> substantive holding that life without parole is an excessive sentence for children whose crimes reflect transient immaturity.

(Citation omitted.) Id. at 735 (III).

Following a December 9, 2015 resentencing hearing, the trial court reduced Dennis' malice murder sentence from life without the possibility of parole to life with the possibility of parole. Dennis appeals pro se from this resentencing ruling,[1] and, for the reasons that follow, we affirm.

The sole issue to be resolved in this appeal is whether the trial court erred by reducing Dennis' malice murder sentence from life without the possibility of parole to life with the possibility of parole.[2] In this regard, as this Court has

---

[1] Although Dennis' resentencing is the only issue properly before us in this appeal, Dennis attempts to raise several other issues in his pro se appellate brief that were either never raised below or are unrelated to his resentencing. Because those issues are unrelated to the trial court's resentencing order, or are otherwise not properly before us, they will not be addressed here.

[2] Dennis argues that the trial court did not have the authority to resentence him. However, we note that, if this argument had merit, it would not actually benefit Dennis, as he would remain imprisoned under the harsher penalty of life *without* the possibility of parole rather than life *with* the possibility of parole. In

recently made clear:

> [A] sentence imposed in violation of th[e] substantive rule [created by <u>Miller</u>, supra] — that is, a[ ] [life-without-the-possibility-of-parole] sentence imposed on a juvenile who is not properly determined to be in the very small class of juveniles for whom such a sentence may be deemed constitutionally proportionate — "is not just erroneous but contrary to law and, as a result, void." <u>Montgomery</u>, [supra, 136 SCt] at 731 [(II)]. [Accordingly,] state collateral review courts that are open to federal law claims must apply <u>Miller</u> retroactively if a petitioner challenges his sentence under the Eighth Amendment.[3]

(Emphasis omitted.) <u>Veal v. State</u>, 298 Ga. 691, 701 (5) (d) (784 SE2d 403) (2016). Indeed, "[w]here a sentence is void, . . . the court may resentence the defendant at any time." <u>Crumbley v. State</u>, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991); see also, e.g., <u>Williams v. State</u>, 271 Ga. 686, 689 (1) (523 SE2d 857) (1999).

Here, the transcript of the 1998 guilty plea hearing reveals that the sentencing court did not examine any of the required factors under <u>Miller</u> and

any event, as explained more fully in the body of this opinion, the trial court did in fact have the authority to resentence Dennis consistent with the requirements of <u>Miller</u> and <u>Montgomery</u>, supra.

[3] While it is true that, here, the State, rather than Dennis, filed the motion to amend Dennis' sentence, the State is authorized to file such a motion for a trial court's consideration. See, e.g., <u>State v. Barrow</u>, 332 Ga. App. 353 (772 SE2d 802) (2015) (involving appeal by State from trial court's denial of State's motion to vacate or correct the defendant's sentence).

Montgomery "before concluding that life without any possibility of parole was the appropriate penalty" for Dennis, who committed malice murder when he was a 17-year-old juvenile. Miller, supra, 132 SCt at 2469 (II). See also Veal, supra, 298 Ga. at 702-703 (5) (d) (It is "necessary" for a trial court to make a "distinct determination on the record that [the juvenile defendant] is irreparably corrupt or permanently incorrigible" in order to "put him in the narrow class of juvenile murderers for whom a[ ] [life-without-the-possibility-of-parole] sentence is proportional under the Eighth Amendment as interpreted in Miller as refined by Montgomery"). Thus, Dennis' 1998 sentence of life without the possibility of parole was void and subject to a challenge on Eighth Amendment grounds at any time. See id.

Because Dennis' original sentence for malice murder was void, the trial court was free to resentence him for malice murder pursuant to Miller and Montgomery. See Veal, supra. In this connection, the trial court properly resentenced Dennis to the legally permissible sentence of life in prison with the possibility of parole for the malice murder that he committed as a juvenile.

Judgment affirmed. All the Justices concur.

4

Decided January 23, 2017.

Murder. Colquitt Superior Court. Before Judge Cowart.

Robert James Dennis, pro se.

J. David Miller, District Attorney, Michelle T. Harrison, Kenneth B. Still, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.