312 Ga. 580
FINAL COPY

S21A0753. PARROTT v. THE STATE.

WARREN, Justice.

Jimmy Lloyd Parrott was convicted for, among other things, fleeing or attempting to elude a police officer in violation of OCGA § 40-6-395 (b) (5). After his initial probationary sentence for that offense was deemed void, he was resentenced to five years in prison. Parrott appeals from that resentencing, challenging the constitutionality of the sentencing provision of OCGA § 40-6-395 (b) (5) under the Equal Protection Clause. Parrott also contends that his resentencing violated the constitutional prohibition on double jeopardy. For the following reasons, we affirm.

1. In 2014, Parrott pleaded guilty to six traffic-related offenses, including being a "habitual violator" under OCGA § 40-5-58 and felony fleeing or attempting to elude a police officer, in violation of OCGA § 40-6-395 (b) (5). In accordance with a negotiated plea agreement, the trial court sentenced Parrott to a combination of

prison time, probation, and fines. As relevant to this appeal, Parrott received a sentence of five years, with two to serve in prison, for the habitual violator offense, and a consecutive sentence of five years' probation, plus a $5,000 fine, for felony fleeing.

After he completed his first sentence and began serving the consecutive sentence for felony fleeing, Parrott moved to vacate as void the probation portion of that sentence, arguing that the applicable statute, OCGA § 40-6-395 (b) (5), did not authorize probation.[1] Parrott insisted, however, that the fine portion was still valid, so there was no need for resentencing. The trial court agreed that the probation portion of Parrott's sentence was void, but it vacated his entire sentence for felony fleeing — including the fine portion — and announced its intent to resentence Parrott on that count.

---

[1] That statute provides, in relevant part:
Any person violating the provisions of [this subsection] . . . shall be guilty of a felony punishable by a fine of $5,000.00 or imprisonment for not less than one year nor more than five years or both. . . . Following adjudication of guilt or imposition of sentence for a violation of [the enumerated offense provisions], *the sentence shall not be suspended, probated, deferred, or withheld*[.]
OCGA § 40-6-395 (b) (5) (emphasis supplied).

Parrott objected to the resentencing, contending, among other things, that resentencing him for felony fleeing would violate the constitutional prohibition on double jeopardy and that the sentencing provision of OCGA § 40-6-395 (b) (5) was unconstitutional because it violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The trial court overruled Parrott's objections but gave him a chance to seek the withdrawal of his guilty plea, which Parrott declined. After a sentencing hearing, the court resentenced Parrott to five years in prison, without a fine.

2. We first address Parrott's claim that OCGA § 40-6-395 (b) (5) is unconstitutional under the Equal Protection Clause. In that regard, Parrott argues that OCGA § 40-6-395 (b) (5) on its face treats him differently than others in a similar situation because, he says, that provision mandates prison time for indigent defendants — like himself — who are unable to pay the $5,000 fine, whereas those who can afford the fine can avoid a prison sentence. Parrott's argument is without merit.

Even if Parrott is correct that the Equal Protection Clause prohibits differentiating between indigent and non-indigent defendants in the way he claims — a question we need not decide here — nothing in the plain language of OCGA § 40-6-395 (b) (5) conditions the imposition of a fine on the defendant's ability to pay or otherwise treats indigent defendants differently from those who are not indigent. See OCGA § 40-6-395 (b) (5); *Nicely v. State*, 291 Ga. 788, 792 (733 SE2d 715) (2012) ("[T]o show a denial of equal protection, one first must demonstrate that the law treats him differently than similarly situated persons."). Moreover, nothing in the record indicates that the sentencing court imposed a prison term on Parrott because he could not afford to pay a $5,000 fine, or that Parrott could have averted a prison sentence if he had demonstrated an ability to pay a fine. Accordingly, the trial court properly overruled Parrott's objection to resentencing based on equal protection grounds.

3. Parrott alternatively contends that, when the trial court resentenced him for felony fleeing, it imposed multiple punishments

for a single crime in violation of the constitutional prohibition against double jeopardy. See *Medina v. State*, 309 Ga. 432, 435 (844 SE2d 767) (2020) (noting that the double jeopardy clauses of both the federal and state Constitutions protect the defendant from, among other things, "multiple punishments for the same offense") (citation and punctuation omitted).[2]

As an initial matter, Parrott did not receive "multiple punishments for the same offense" simply by virtue of being resentenced. A trial judge has the authority to "correct a void sentence at any time," *Rooney v. State*, 287 Ga. 1, 2 (690 SE2d 804) (2010) (citation and punctuation omitted), and "a sentence is void if the court imposes punishment that the law does not allow." *von Thomas v. State*, 293 Ga. 569, 571 (748 SE2d 446) (2013) (citation

---

[2] See U. S. Const. amend. V ("No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb[.]"); Ga. Const. Art. I, Sec. I, Par. XVIII ("No person shall be put in jeopardy of life or liberty more than once for the same offense except when a new trial has been granted after conviction or in case of mistrial."). We have previously noted that "it is possible that the federal and state [double jeopardy] provisions carry different meanings" in light of their textual differences. *State v. Jackson*, 306 Ga. 626, 631 n.4 (831 SE2d 798) (2019). But neither party in this case draws "any meaningful distinctions between the two provisions in their arguments before this Court," so we do not consider any such distinctions. See id. at 631.

and punctuation omitted). On appeal, neither party disputes that Parrott's original sentence of five years' probation for felony fleeing was void, and we agree with that conclusion based on OCGA § 40-6-395 (b) (5)'s express textual prohibition on the imposition of probation for a violation of that statute. See OCGA § 40-6-395 (b) (5) ("Following adjudication of guilt or imposition of sentence for a violation of [the enumerated offense provisions], the sentence *shall not be suspended, probated, deferred, or withheld*[.]") (emphasis supplied). Thus, the trial court was authorized to correct the void sentence it previously imposed, including by resentencing Parrott on that count. See *Rooney*, 287 Ga. at 2. See also *Dennis v. State*, 300 Ga. 457, 459 (796 SE2d 275) (2017) (because the defendant's original sentence for a particular offense was void, "the trial court was free to resentence him" for that offense).

Moreover, the mere fact that Parrott's new sentence was more severe than the original sentence also does not violate double jeopardy protections. We have stated that, in the multiple-punishment context, the Double Jeopardy Clause of the Fifth

6

Amendment protects a defendant's "legitimate 'expectation of finality in his [original] sentence.'" *Stephens v. State*, 289 Ga. 758, 764 (716 SE2d 154) (2011) (quoting *United States v. DiFrancesco*, 449 U.S. 117, 136 (101 SCt 426, 66 LE2d 328) (1980)). See also *Wilford v. State*, 278 Ga. 718, 719-720 (606 SE2d 252) (2004). But a convicted defendant, like Parrott, "has neither a vested right to nor a reasonable expectation of finality as to a pronounced sentence which is null and void." *Hulett v. State*, 296 Ga. 49, 54 (766 SE2d 1) (2014) (quoting *Bryant v. State*, 229 Ga. App. 534, 535 (494 SE2d 353) (1997) (rejecting double jeopardy claim where the trial court vacated the defendant's original sentence as void and imposed a new, longer sentence in compliance with the sentencing statute)); *Strickland v. State*, 301 Ga. App. 272, 274 (687 SE2d 221) (2009) (defendant had no reasonable expectation in the finality of a prison-only sentence because the applicable statute imposed a mandatory fine in addition to imprisonment). Cf. *Wilford*, 278 Ga. at 720 (holding that no double jeopardy violation occurred where the defendant was resentenced to a longer term after the trial court

7

determined that his original sentence was improperly imposed under the First Offender Act).[3]

Although Parrott concedes that his probation sentence for felony fleeing was void, he contends that the trial court was not authorized to resentence him because a $5,000 fine by itself, without imprisonment, is a legal sentence for felony fleeing. See OCGA § 40-6-395 (b) (5). He thus argues that the trial court was required under Georgia law to vacate only the void portion of the sentence (i.e., probation) and leave the valid portion (the fine) as the sole remaining sentence. In other words, Parrott argues that the trial court was required to do nothing more and nothing less than excise the void portion of the sentence. This approach, however, is not compelled by our precedent.

Generally speaking, Georgia law gives trial judges great discretion in imposing a sentence within statutory parameters. See *Tuggle v. State*, 305 Ga. 624, 628 (825 SE2d 221) (2019) ("Generally

---

[3] The record shows that Parrott's new sentence for felony fleeing includes credit for the time he had already served on probation for that offense before being resentenced.

speaking, trial courts have the discretion to impose sentence within the parameters prescribed by a statute and if the sentence is within the statutory limits, the appellate courts will not review it.") (citation and punctuation omitted); *Rooney*, 287 Ga. at 3 ("The discretionary assessment of punishment within legislatively prescribed boundaries has long been ingrained and accepted in American jurisprudence.") (citation and punctuation omitted); *State v. Riggs*, 301 Ga. 63, 68-70 (799 SE2d 770) (2017) (stating that, although the applicable sentencing statute did not expressly authorize a partially concurrent and partially consecutive sentence, "[w]e find within the law no limitation on this broad [sentencing] discretion" precluding such a "hybrid" sentence, and "in construing other statutes related to sentencing, we have found that a trial court's discretion is limited only by an express legislative act").[4]

---

[4] The discretion traditionally afforded to trial courts in sentencing is also reflected in the way we have handled cases of merger error where resentencing is required. See, e.g., *Cowart v. State*, 294 Ga. 333, 336 (751 SE2d 399) (2013) ("Under our precedent, the decision as to which of the two felony murder verdicts should be deemed vacated — a decision that may affect which other verdicts merge and thus what other sentences may be imposed — is left to the

We acknowledge that this Court's handling of sentences that could be characterized as partially void may appear to be inconsistent. For example, in several of our cases where part of a sentence — such as a parole condition — was deemed void, we have held that only the void part (i.e., the improper parole condition) needed to be vacated. See, e.g., *Humphrey v. State*, 297 Ga. 349, 351 (773 SE2d 760) (2015) ("[The void] provision of the sentence — but only that provision — must be vacated."); *Ellison v. State*, 299 Ga. 779, 781 (792 SE2d 387) (2016) (same).[5] In other, substantially

---

discretion of the trial court on remand."); *McClellan v. State*, 274 Ga. 819, 820-821 (561 SE2d 82) (2002) (declining to establish "a policy of appellate sentencing" and remanding the case for the trial court "to exercise its discretion in resentencing" the defendant). See also, e.g., *Lay v. State*, 305 Ga. 715, 722 (827 SE2d 671) (2019) ("We . . . vacate both felony murder convictions and sentences and remand the case for the trial court to enter a conviction and sentence on only one of them and to adjust any affected convictions and sentences accordingly."). Notably, a claim of merger error differs in some respects from a challenge to a void sentence: a claim of merger error is a challenge to a conviction and implicates the trial court's authority to impose a sentence in the first place, but "a challenge to a void *sentence* presupposes that the trial court was authorized to sentence the defendant but the sentence imposed was not allowed by law." *Williams v. State*, 287 Ga. 192, 193 (695 SE2d 244) (2010) (emphasis in original).

[5] As we read it, the language in *Humphrey* and *Ellison* — that "only" the void provision "must be vacated," see *Humphrey*, 297 Ga. at 351; *Ellison*, 299 Ga. at 781 — merely emphasized *which part* of a sentence on a particular count

similar cases, we have vacated an entire sentence and remanded for resentencing. See, e.g., *Jackson v. State*, 306 Ga. 266, 277 (830 SE2d 99) (2019) (holding that a sentence containing an improper parole condition "must be vacated and the case remanded to the trial court with direction to enter a legal sentence") (citation and punctuation omitted); *Funderburk v. State*, 276 Ga. 554, 555 (580 SE2d 234) (2003) (same). In neither line of cases, however, have we held that a particular approach was the exclusive approach a trial court must take to appropriately exercise the broad discretion it is generally afforded in resentencing.

In that vein, we generally cannot say that a trial court abuses its discretion when it corrects a "partially void" sentence on a particular count by vacating that sentence in its entirety and imposing a new sentence on that count within the statutory parameters. See, e.g., *Riggs*, 301 Ga. at 68-70 (affirming a sentencing structure not expressly authorized by statute and citing

the trial court was *required* to vacate, as opposed to limiting the trial court's sentencing discretion on remand.

11

the trial court's "broad discretion" in sentencing); *Rooney*, 287 Ga. at

3-4 (discussing the discretion afforded to trial courts in sentencing).[6]

In light of the foregoing principles, we conclude that the trial

court in this case did not abuse its discretion when it corrected

Parrott's partially void sentence for felony fleeing by vacating that

sentence in its entirety and imposing a new sentence on that count

within the parameters of OCGA § 40-6-395 (b) (5). And because the

trial court was authorized to resentence Parrott, we cannot say that

Parrott had a legitimate "expectation of finality" in his original

sentence, and so his double-jeopardy claim fails. See *Hulett*, 296 Ga.

at 54; *Stephens*, 289 Ga. at 764.

*Judgment affirmed. All the Justices concur.*

---

[6] We emphasize that our decision in this case concerns only the trial court's discretion to resentence on the particular count on which the sentence is deemed partially or wholly void. We express no opinion as to whether the trial court could also resentence on other counts, for which the sentences are not void, to preserve an overall sentencing scheme. See, e.g., *Kaiser v. State*, 285 Ga. App. 63, 64 & n.1 (646 SE2d 84) (2007) (stating that the Court of Appeals previously had vacated defendant's sentence "in its entirety" (that is, on all counts), and noting that "[i]n many circumstances it is appropriate to view the final negotiated plea agreement as a 'package' deal, the terms of which should not be treated in isolation from one another but rather as a cohesive whole") (citation and punctuation omitted).

Decided October 5, 2021.

OCGA § 40-6-395 (b) (5); constitutional question. Paulding Superior Court. Before Judge Bucci.

*Hunter J. Rodgers, Keegan C. Gary*, for appellant.

*Matthew W. Rollins, Acting District Attorney, A. Brett Williams, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.