**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**February 23, 2022**

# In the Court of Appeals of Georgia

A21A1764. HARRIS v. THE STATE.

A21A1765. HUGHES v. THE STATE.

DOYLE, Presiding Judge.

Following resentencing, co-defendants Blaise Harris and Christian Evans Hughes appeal from a trial court order denying their motions to vacate an illegal sentence on the ground that the resentencing was void.[1] For the following reasons, we vacate the resentencing orders and remand the cases for resentencing consistent with this opinion.

---

[1] Because Harris and Hughes raise the same arguments, we have consolidated these appeals.

"'This appeal presents a question of law, which we review de novo."[2] The record shows that in 2016, Harris and Hughes were each convicted of two counts of armed robbery (Counts 1 and 2) and other charges in connection with their robbery of restaurant employees. They were sentenced, in relevant part, to serve 10 years on Count 1 (armed robbery) and 20 years to serve 10 in confinement on Count 2 (armed robbery) with the sentences to be served consecutively. Harris and Hughes appealed their convictions and the denial of their motions for new trial, challenging the sufficiency of the evidence and claiming they received ineffective assistance of counsel, and we affirmed the convictions in a consolidated appeal.[3]

In August 2019, Harris and Hughes filed extraordinary motions for new trial, arguing that Counts 1 and 2 should have merged for sentencing purposes because the acts constituted a single armed robbery. In its brief, the State conceded that Counts 1 and 2 should have merged, the sentences should be vacated, and Harris and Hughes should be resentenced. The trial court agreed that Count 2 was void because it should have merged into Count 1, and on October 17, 2019, the court entered an order to

[2] *Strickland v. State*, 301 Ga. App. 272, 273 (687 SE2d 221) (2009).

[3] See *Hughes v. State*, 345 Ga. App. 107 (812 SE2d 363) (2018). Harris also filed a direct appeal of an order denying an extraordinary motion for new trial, which this Court dismissed in February 2019 because it required a discretionary application.

vacate the original sentences and resentence the defendants. In the new sentencing order, the trial court imposed a sentence of 20 years on Count 1, noted that Count 2 was void, and stated that the sentences remained the same on the other (assault) counts. Harris and Hughes filed motions to declare the new sentences illegal as to Count 1, arguing that they were void because the trial court could not legally increase their sentences on Count 1 after they began serving them and after this Court affirmed their convictions. The trial court denied the motions, and Harris and Hughes now appeal.

Harris and Hughes contend that the trial court erred by denying their motion to declare the new sentences void because it lacked jurisdiction to impose an increased sentence on Count 1. We agree.

"[I]n the multiple-punishment context, the Double Jeopardy Clause of the Fifth Amendment protects a defendant's legitimate expectation of finality in his original sentence. But a convicted defendant . . . has neither a vested right to nor a reasonable expectation of finality as to a pronounced sentence which is null and void."[4] It is well-settled that "[a] trial judge has the authority to correct a void sentence at any

[4] (Citations and punctuation omitted.) *Parrott v. State*, 312 Ga. 580, 582 (3) (864 SE2d 80) (2021), quoting *Hulett v. State*, 296 Ga. 49, 54 (766 SE2d 1) (2014), *Stephens v. State*, 289 Ga. 758, 764 (716 SE2d 154) (2011).

3

time, and a sentence is void if the court imposes punishment that the law does not allow."[5] Here, therefore, "the trial court was authorized to correct the void sentence it previously imposed, including by resentencing [Harris and Hughes]."[6]

The trial court had the discretion to decide which armed robbery count to vacate.[7] The question here, however, is whether the trial court, having elected to

---

[5] (Citations and punctuation omitted.) *Parrott*, 312 Ga. at 582 (3), quoting *von Thomas v. State*, 293 Ga. 569, 571 (748 SE2d 446) (2013), *Rooney v. State*, 287 Ga. 1, 2 (690 SE2d 804) (2010).

[6] *Parrott*, 312 Ga. at 582 (3). We acknowledge that "a claim of merger error differs in some respects from a challenge to a void sentence: a claim of merger error is a challenge to a conviction and implicates the trial court's authority to impose a sentence in the first place, but a challenge to a void sentence presupposes that the trial court was authorized to sentence the defendant but the sentence imposed was not allowed by law." Id. at 583, n. 4, quoting *Williams v. State*, 287 Ga. 192, 193 (695 SE2d 244) (2010).

[7] See *Cowart v. State*, 294 Ga. 333, 336 (2) (751 SE2d 399) (2013) ("Under our precedent, the decision as to which of the two felony murder verdicts should be deemed vacated – a decision that may affect which other verdicts merge and thus what other sentences may be imposed – is left to the discretion of the trial court on remand."). See also, e.g., *Lay v. State*, 305 Ga. 715, 722 (6) (827 SE2d 671) (2019) (vacating "both felony murder convictions and sentences and remand[ing] the case for the trial court to enter a conviction and sentence on only one of them and to adjust any affected convictions and sentences accordingly").

4

vacate Count 2, could increase Hughes's and Harris's sentence on Count 1, which was not void.[8]

In *Curry v. State*,[9] the Supreme Court of Georgia explained that "[a] sentence which has been reduced to writing and signed by the judge may not be increased after the defendant has begun to serve that sentence. This limitation on the court's sentencing authority stems from the double jeopardy provisions of our constitutions."[10] The Supreme Court later clarified that holding, explaining that consistent with the United Supreme Court's decision in *United States v. DiFrancesco*,[11] "a defendant may be resentenced after the original sentence has begun

---

[8] A trial court does not, of course, abuse its discretion by "correct[ing] a 'partially void sentence' on a particular count by vacating that sentence in its entirety and imposing a new sentence on that count within the statutory parameters." *Parrott*, 312 Ga. at 584 (3). This conforms to the Supreme Court of Georgia's explanation that "[a]s to sentencing, each count stands alone; thus, when a trial court considers the appropriate sentence for Count 1 of an indictment, it is the only criminal charge at issue, and not any other counts in the indictment." *Evans v. State*, 300 Ga. 271, 276 (794 SE2d 40) (2016).

[9] 248 Ga. 183 (281 SE2d 604) (1981).

[10] Id. at 185 (4), citing *United States v. Benz*, 282 U. S. 304 (51 SC 113, 75 LE 354) (1931), *Higdon v. Cooper*, 247 Ga. 746 (279 SE2d 451) (1981), overruled by *Wilford v. State*, 278 Ga. 718, 721, n.14 (606 SE2d 252) (2004) .

[11] 449 U. S. 117 (101 SCt 426, 66 LE2d 328) (1980).

being served, so long as (a) such resentencing is allowed by law, and (b) the defendant has no reasonable expectation in the finality of the original sentence."[12]

"Generally speaking, Georgia law gives trial judges great discretion in imposing a sentence within statutory parameters."[13] Nevertheless, "in the multiple-punishment context, the Double Jeopardy Clause of the Fifth Amendment protects a defendants legitimate expectation of finality in his original sentence."[14] Here, Count 1 was not void. And Hughes and Harris had a legitimate expectation of finality in their sentence on that count, which they had already began to serve. Therefore, the trial court lacked jurisdiction to increase Hughes's and Harris's sentences on Count 1, and it erred by denying their motions to declare the new sentences illegal as to that count.[15] Accordingly, we vacate Harris's and Hughes's

---

[12] *Wilford*, 278 Ga. at 718. We note that *Wilford* expressly limited its holding "to those criminal defendants who are given treatment under the Georgia First Offender Act." Id. at 721, n.14.

[13] *Parrott*, 312 Ga. at 583 (3).

[14] (Citations and punctuation omitted.) *Stephens v. State*, 289 Ga. 758, 764 (716 SE2d 154) (2011), quoting *United States v. DiFrancesco*, 449 U. S. 117, 136 (101 SCt 426, 66 LE2d 328) (1980).

[15] We note that in *Parrott*, the Supreme Court stated: "We emphasize that our decision in this case concerns only the trial court's discretion to resentence on the particular count on which the sentence is deemed partially or wholly void. *We express*

6

amended sentences imposed in 2019 on Counts 1 and 2 and remand the cases to the

trial court for resentencing.

*Judgments vacated and cases remanded with direction. Reese and Brown, JJ.,*

*concur*.

---

*no opinion as to whether the trial court could also resentence on other counts, for which the sentences are not void, to preserve an overall sentencing scheme.*" (Emphasis supplied.) *Parrott*, 312 Ga. at 585 (3), n. 6, citing *Kaiser v. State*, 285 Ga. App. 63, 64 & n. 1 (646 SE2d 84) (2007) (vacating a defendant's sentence on all counts because he had a right to withdraw his guilty plea, noting that "[i]n many circumstances it is appropriate to view the final negotiated plea agreement as a 'package' deal, the terms of which should not be treated in isolation from one another but rather as a cohesive whole"). The instant case involves sentencing after a trial, not a negotiated plea deal, and it is therefore distinguishable from *Kaiser*.