**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 23, 2024**

# In the Court of Appeals of Georgia

A24A0981. THE STATE v. DEVINE.

WATKINS, Judge.

The State seeks to invoke this Court's jurisdiction pursuant to OCGA § 5-7-1 (a) (6), contending that the trial court modified Cynthia Devine's sentence more than a year after its imposition when the trial court did not have jurisdiction to do so. For the reasons discussed below, we find that the trial court did not have jurisdiction to modify Devine's sentence, and, consequently, we vacate the trial court's order modifying her sentence and remand this case with direction.

In 2018, Devine was indicted for five counts of exploitation of a disabled adult[1] and three counts of identity fraud.[2] The indictment charged that, on several occasions, Devine exploited the victim by obtaining cashier's checks and making withdrawals from the victim's bank account, by using the victim's debit card, by taking out a life insurance policy on the victim's life naming Devine and her husband as beneficiaries, and by directing the victim to work for Devine's cleaning business without sufficient compensation. The indictment also charged Devine for using the victim's identifying information — her bank account and debit card numbers — to make payments for Devine's benefit.

In 2019, Devine pled guilty to all charges. During her plea and sentence hearing, Devine proposed, and the State agreed, for Devine to be sentenced to probation prior to beginning the custodial portion of her sentence so that Devine could pay restitution to the victim. This unique "backloaded" sentence structure was proposed to allow Devine to continue working and earning money to pay the restitution owed. Ultimately, the trial court sentenced Devine to fifteen years to serve five on each

---

[1] See OCGA § 16-5-102.

[2] See OCGA § 16-9-121.

count, with the sentences running concurrently. The first five years of the sentence were to be served on probation, with a special condition of probation providing that Devine and her co-defendant husband would be jointly and severally liable to pay restitution to the victim in the amount of $75,000 at the rate of $1,500 per month. Devine was sentenced to report to jail on June 21, 2024, to serve five years in confinement. The balance of Devine's probationary sentence was to be served after she completed the custodial portion of her sentence; however, that probation could be "terminated" if restitution was fully paid prior to Devine's release from custody.

Roughly four months after sentencing, Devine moved to modify the restitution portion of her sentence on the ground that she could not afford the monthly payment. Following a hearing, the trial court modified Devine's sentence by severing her restitution obligation from her co-defendant husband's obligation. Instead of being jointly responsible for $1,500 per month, Devine's modified sentence made her individually responsible for paying $750 per month in restitution to the victim until the total amount of restitution was paid or until her sentence expired.[3] Nothing else about Devine's sentence was modified at this time.

---

[3] The written order for this modification was not originally filed in the record on appeal, but the trial court clerk subsequently supplemented the record.

In February 2021, the State petitioned to revoke Devine's probation for failure to pay restitution over the past year. The trial court granted the motion. In addition to revoking Devine's probation, the trial court modified Devine's sentence. The trial court stated: "It is hereby considered, ordered, and adjudged that [Devine] shall be taken into custody to begin serving the five-year custodial sentence issued by this court on 6/21/2019. The delayed turn-in date of 6/21/2024 is hereby eliminated as a requirement of [Devine's] sentence."[4] Such language had the effect of truncating Devine's initial probationary period by over three years and starting the custodial portion of her sentence earlier. Further, the trial court issued a bench warrant for Devine's arrest. According to the State, Devine was arrested in October 2023.

In December 2023, Devine moved to modify her sentence, requesting that the custodial portion of her sentence be converted to probation due to health issues. The State opposed the modification, arguing that the trial court lacked jurisdiction to modify Devine's sentence because more than a year had passed since her sentence was entered.[5] The trial granted Devine's motion in January 2024, stating in its order that

---

[4] (Emphasis omitted.)

[5] See OCGA § 17-10-1 (f).

4

the written sentence erroneously failed to reflect the intention of the court. The trial court converted Devine's sentence to 171 months of probation with a requirement that Devine pay the victim $400 per month in restitution until the balance was paid. The State timely appealed this order.

The State's right to appeal a sentence modification is limited, but the State contends that this appeal is proper under OCGA § 5-7-1 (a) (6), which permits appeal "[f]rom an order, decision, or judgment of a court where the court does not have jurisdiction or the order is otherwise void under the Constitution or laws of this [S]tate[.]" As the foundation for this contention, the State argues that the trial court lacked jurisdiction to modify Devine's sentence in 2024.

The State relies on OCGA § 17-10-1 (f), which provides that:

Within one year of the date upon which the sentence is imposed . . . the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed. . . . This subsection shall not limit any other jurisdiction granted to the court in this Code section or as provided for in subsection (g) of Code Section 42-8-34.

Here, Devine was originally sentenced in June 2019, and the trial court's latest order modifying her sentence was entered in January 2024, which is well beyond the one-year limit in OCGA § 17-10-1 (f).

In response, Devine argues that the trial court was authorized to modify her sentence under OCGA § 42-8-34 (g), which provides that

> [t]he sentencing judge shall not lose jurisdiction over any person placed on probation during the term of the person's probated sentence. The judge is empowered to revoke any or all of the probated sentence, rescind any or all of the sentence, or, in any manner deemed advisable by the judge, modify or change the probated sentence . . . at any time during the period of time prescribed for the probated sentence to run.

Upon review of the parties' arguments and the relevant statutes, we conclude that the trial court lacked jurisdiction to enter the most recent modification order.

> When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.[6]

---

[6] (Citations and punctuation omitted.) *Deal v. Coleman*, 294 Ga. 170, 172-173 (1) (a) (751 SE2d 337) (2013).

Moreover, "[w]hen interpreting a statute, a presumption exists that the legislature did not intend to enact meaningless language."[7] As is clear from the plain language of the statute, any jurisdiction retained by the trial court to modify a sentence pursuant to OCGA § 42-8-34 (g) is constrained to "*during* the period of time prescribed for the probated sentence to run."[8] Here, when the trial court revoked Devine's probation, it also modified her sentence to cause Devine to "begin serving the five-year custodial sentence[.]" This particular modification of Devine's probated sentence was permissible pursuant to OCGA § 42-8-34 (g) because it happened "during the period of time prescribed for the probated sentence to run." When the trial court made its most recent modification, however, it did so during "the five-year custodial [portion of Devine's] sentence[.]" Accordingly, it was not permissible pursuant to OCGA § 42-8-34 (g).

---

[7] (Citation and punctuation omitted.) *Pandora Franchising v. Kingdom Retail Group*, 299 Ga. 723, 728 (1) (b) (791 SE2d 786) (2016).

[8] Emphasis supplied.

The trial court stated in its order, and Devine argues on appeal, that the sentence was modified so as to "reflect the intention of the court[.]"[9] But, a review of the record demonstrates that the present modification does not reflect the original intention of the sentencing court. The record is quite clear that the State and Devine intended for her to be sentenced to concurrent sentences of 15 years to be served with 5 years of probation with specified minimum monthly restitution payments, followed by 5 years in custody with minimum restitution payments, followed by 5 years of probation which could be "terminated" if full restitution had been paid. The result of the trial court's present modification was to convert Devine's custodial sentence to a probationary sentence and to further lower her monthly restitution payments. Such a modification was a significant change from the clear intent of the sentencing court and it was not within the trial court's inherent power to modify Devine's sentence this way.[10]

---

[9] See *State v. Hart*, 263 Ga. App. 8, 9 (587 SE2d 164) (2003) (recognizing a trial court's "inherent power to correct its records at any time to show the true intent of the sentencing court at the time the original sentence was imposed") (citation and punctuation omitted).

[10] The judge who entered the original sentence and the first modified sentence did not rule on Devine's most recent motion to modify her sentence. The sentence modification at issue here was entered by a successor judge.

Devine argues correctly that sentencing courts are authorized to modify a void sentence at any time.[11] That principle, however, is of no avail to her. "A void sentence is one that imposes punishment that the law does not allow."[12] Devine argues that the trial court had jurisdiction to modify her unique sentence of probation followed by custody followed by probation because it was a void sentence, but she cites no authority in support of this position. "Generally speaking, Georgia law gives trial judges great discretion in imposing a sentence within statutory parameters."[13] Indeed, "[t]he discretionary assessment of punishment within legislatively prescribed boundaries has long been ingrained and accepted in American jurisprudence."[14] This is so that trial courts have "the discretion to fashion sentences that fit the crimes for which the defendant is convicted, so long as the sentences fall within the statutory ranges."[15]

---

[11] See *Rooney v. State*, 287 Ga. 1, 2 (2) (690 SE2d 804) (2010).

[12] (Citation omitted.) *Thomas v. State*, 371 Ga. App. 250, 252 (1) (899 SE2d 854) (2024).

[13] *Parrott v. State*, 312 Ga. 580, 583 (3) (864 SE2d 80) (2021).

[14] (Citation omitted.) *Rooney*, 287 Ga. at 3 (3).

[15] *State v. Riggs*, 301 Ga. 63, 68 (2) (a) (799 SE2d 770) (2017).

We find within the law no limitation on this broad discretion that would preclude a trial court from [sentencing a defendant to a term of probation prior to the custodial portion of her sentence.] And in construing other statutes related to sentencing, we have found that a trial court's discretion is limited only by an express legislative act[.][16]

Although the language of multiple statutes cited by Devine seem to presuppose that a custodial sentence will precede any term of probation, the text of those statutes does not mandate such a chronology. For instance, OCGA § 17-10-1 (4) provides that "[i]n cases of imprisonment followed by probation, the sentence shall specifically provide that the period of probation shall not begin until the defendant has completed service of the confinement portion of the sentence." A plain reading of that statute, however, does not foreclose a sentence of probation followed by confinement. Given that the legislature has not prohibited Devine's unique sentence structure, it was not void.

As there are no applicable exceptions to OCGA § 17-10-1 (f)'s limitation on the length of time in which the trial court had jurisdiction to modify Devine's sentence, the trial court was without jurisdiction to modify Devine's sentence in 2024; thus, we have appellate jurisdiction over this case pursuant to OCGA § 5-7-1 (a) (6). And given

_____

[16] Id.

that the trial court acted without jurisdiction, we vacate the trial court's order modifying Devine's sentence and remand the case to the trial court with direction to reinstate her prior sentence.

*Judgment vacated and case remanded with direction. Doyle, P. J., and Hodges, J., concur.*