NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the
# Supreme Court of Georgia

No. S26A0317
Jonathan Allen Miller
v.
The State

On Appeal from the Superior Court of Cherokee County
No. 98CR0722

Decided: April 21, 2026

MCMILLIAN, Justice.

Jonathan Miller appeals from a trial court order dismissing his motion to correct a void sentence on the grounds that the motion presented no cognizable claim because Miller's sentence fell within the statutory range of punishment. Miller argues that the trial court erred in determining that it lacked jurisdiction to decide the motion because a claim that a sentence is grossly disproportionate under the Eighth Amendment of the United States Constitution is a cognizable void sentence claim and that the trial court should have considered the claim on its merits. For the reasons that follow, we vacate the dismissal order and remand for further proceedings.

In November 1998, then-fifteen-year-old Miller initiated an altercation with a thirteen-year-old student after they got off the school bus, hitting the victim with a fist to the back of the head and kicking him once. After the victim died from his injuries, Miller was indicted and convicted in superior court for felony murder, aggravated assault, and aggravated battery and was sentenced to serve life in prison. See *Miller v. State*, 275 Ga. 730, 731 (2002).

After this Court affirmed his convictions, Miller filed a federal habeas petition, which was denied and affirmed by the United States Court of Appeals for the Eleventh Circuit.[1] See id.; *Miller v. Martin*, 2007 US Dist. LEXIS 13112 (Feb. 26, 2007); *Miller v. Martin*, 276 FApp'x 927 (11th Cir. 2008).

On July 10, 2023, Miller filed a motion to correct void sentence, arguing that his sentence violates the Eighth Amendment of the United States Constitution because a "more than 20-year prison sentence" is disproportionate to an act of unintentional killing committed by a fifteen-year-old during a fistfight with another student. See US Const. Amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."). Following a hearing and briefing, the trial court dismissed the motion. In that order, the trial court explained that "[s]uccessful challenges under the Eighth Amendment to specific sentences based on gross disproportionality are rare" and that Miller's "case is not one of these rare cases in which the threshold inference of gross disproportionality will be met and then stand after further scrutiny." The trial court then stated: "Notwithstanding that, [Miller] was lawfully sentenced to life imprisonment with the possibility of parole following his conviction for felony murder. [Miller's] sentence fell within the range of punishment under O.C.G.A. § 16-5-1." Because Miller's sentence fell within the statutory range of punishment, the trial court explained that "the sentence is not void – it is legal – and is not subject to post-appeal modification under Georgia law" and that "[w]here such a motion presents no cognizable claim that the imposed sentence is void, the sentencing court should dismiss the

---

[1] Miller did not raise the proportionality claim on direct appeal and did not file a state habeas petition. This claim was raised in his federal habeas proceedings but was procedurally barred.

2

motion for lack of jurisdiction." The order then concluded: "*THEREFORE, THE DEFENDANT'S MOTION HAS PRE-SENTED NO COGNIZABLE CLAIM AND IS HEREBY DIS-MISSED.*"[2]

1. Turning first to the jurisdictional issue, we begin by setting out first principles. "When a sentencing court has imposed a sentence of imprisonment, its jurisdiction to later modify or vacate that sentence is limited." *von Thomas v. State*, 293 Ga. 569, 571 (2013). Generally, the sentencing court only retains the power to modify the sentence "[w]ithin one year of the date upon which the sentence was imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later." OCGA § 17-10-1(f)(1). However, "a sentencing court has jurisdiction to vacate a void sentence *at any time*"; "a sentence is void if the court imposes punishment that the law does not allow." *Thomas*, 293 Ga. at 571 (cleaned up; emphasis in original). Most typically, a valid void sentence claim is based on a sentence that is void "because it exceeds the most severe punishment for which the applicable penal statute provides," id. at 572, but we have also recognized that a claim that a sentence is disproportionate under the Eighth Amendment is a void sentence claim that may be raised at any time. See *Rooney v. State*, 287 Ga. 1, 1–3 (2010) (concluding that the appellant's constitutional challenges to a sentencing statute were "properly the subject of a motion to vacate a void sentence" and that "a sentencing court retains jurisdiction to correct a void sentence at any time" (punctuation omitted)). Cf. *Dennis v. State*, 300 Ga. 457, 459 (2017) ("Dennis'[s] 1998 sentence of life without the possibility of parole was void and subject to a challenge on

---

[2] The font and emphasis are original to the order.

3

Eighth Amendment grounds at any time.").

Here, Miller has raised a cognizable claim that his sentence is disproportionate and, thus, void under the Eighth Amendment. See *Sillah v. State*, 315 Ga. 741, 754 (2023) ("The Eighth Amendment of the United States Constitution bans 'cruel and unusual punishments,' including those that are grossly disproportionate to the crime committed."). Because Miller has asserted a cognizable void sentence claim, the trial court erred in dismissing the motion for lack of jurisdiction. See *Dennis*, 300 Ga. at 459; *Rooney*, 287 Ga. at 2.

2. Having concluded that the trial court erred in dismissing the motion, we turn to the question of the appropriate remedy. Miller argues that a remand is required for the trial court to assess whether the sentence is grossly disproportional under the Eighth Amendment. In response, the State argues that the trial court made the requisite findings when it determined that Miller's "case is not one of these rare cases in which the threshold inference of gross disproportionality will be met and then stand after further scrutiny" and, alternatively, that Miller is precluded from raising this void sentence claim because his trial counsel made the same argument at sentencing.

As to whether the trial court has already rejected Miller's Eighth Amendment claim on the merits, we note that although the order ultimately concluded that the trial court was without jurisdiction to review the void sentence claim, before reaching that conclusion, the trial court referred to Miller's Eighth Amendment claims and cited to applicable cases, including *Sillah*, 315 Ga. at 741. *Sillah* explains the requirements for a court when determining whether a sentence is grossly disproportionate under the Eighth Amendment:

[A] court first compares the gravity of the offense

4

and the severity of the sentence. When evaluating the gravity of the offense as part of the threshold comparison, courts look not only at the statutory elements of the offense, but also the particular circumstances of the crime committed as shown by the record. Moreover, courts must defer to the legislature in determinations of sentencing parameters unless a sentence is so overly severe or excessive in proportion to the offense as to shock the conscience.

In the rare case that this threshold comparison leads to an inference of gross disproportionality, a court next compares the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions.

*Sillah*, 315 Ga. at 754–55 (cleaned up).

After reviewing the trial court's order as a whole, it is not clear to us that the court ruled on the merits of the Eighth Amendment claim. The sentence that the State points to says that this is not one of the rare cases where the threshold inference "will be met" and only "after further scrutiny." This suggests that the trial court is anticipating that the threshold inference of gross disproportionality will not be met but only if the issue could be considered under its jurisdiction. And in the next paragraph, the trial court states "[n]otwithstanding that, [Miller] was lawfully sentenced to life imprisonment with the possibility of parole following his conviction for felony murder" and then ultimately concludes that the trial court is without jurisdiction to decide the motion.

Given that it is not clear whether the trial court passed on

5

the merits or was stating that the Eighth Amendment claim would fail "after further scrutiny," and because the trial court expressly declined to exercise jurisdiction over the motion, we cannot discern whether the trial court decided the merits of the claim.[3] Under similar circumstances, we have vacated the lower court's decision and remanded for further proceedings. See *Williams v. State*, 301 Ga. 60, 62 (2017) ("Given the uncertainty in the trial court's order regarding the basis for its ruling, this Court must vacate the opinion of the Court of Appeals and remand for the Court of Appeals to remand this case to the trial court for further clarification on the specific findings that form the basis for its legal conclusions with regard to [appellant's] motion to suppress."); *Parker v. State*, 255 Ga. 167, 168–69 (1985) (remanding for further proceedings when it was not clear whether the trial court determined the voluntariness of the confession or whether it decided that it was a question for the jury).

Alternatively, the State argues that the judgment should be affirmed under the right-for-any-reason doctrine because the issue was raised and ruled on at sentencing such that Miller "may not raise the issue a second time absent a fundamental change in the law that is subject to retroactive application." However, the right-for-any-reason doctrine does not apply when the alternative basis for the judgment was not raised in the trial court. See *Georgia-Pacific, LLC v. Fields*, 293 Ga. 499, 504 (2013) (concluding that since the alternative basis for the judgment "was not raised in the motion, the 'right for any reason' rule should not have been invoked"). The State did not assert this alternative basis for rejecting the merits of Miller's Eighth Amendment claim in responding to the motion to vacate void sentence or at the hearing on the motion. Therefore, we decline to consider the State's right-

---

[3] We express no opinion as to the merits of Miller's claim.

6

for-any-reason argument.[4]

For these reasons, we vacate the judgment of the trial court and remand for further proceedings on the merits consistent with this opinion.

*Judgment vacated and case remanded. All the Justices concur, except Ellington, LaGrua, and Land, JJ., who dissent. Warren, P.J., and Pinson, J., not participating.*

---

[4] We express no opinion on the merits of the State's argument.

LaGrua, Justice, dissenting.

I respectfully dissent because I believe the trial court's order is sufficiently clear, does not require remand, and properly determined that Miller's void-sentence claim fails.[5]

In its order, the trial court cited the United States Supreme Court's and this Court's precedent governing Eighth Amendment void-sentence claims. The court's order reflects that it applied that law, stating specifically that this case is not one of "these rare instances in which the threshold inference of gross disproportionality will be met and then stand after further scrutiny." See *Sillah v. State*, 315 Ga. 741, 754–55 (2023) (holding that, "to determine whether a sentence is grossly disproportionate, a court first compares the gravity of the offense and the severity of the sentence," and that, "[i]n the rare case that this threshold comparison leads to an inference of gross disproportionality," the court further compares the sentence with sentences received by other defendants for the same crime (quotation marks omitted)). I presume the trial court properly followed the law that it cited, see *Moore v. State*, 303 Ga. 743, 746 (2018), and I fail to see any ambiguity just because the trial court's order did not contain detailed factual findings or legal conclusions on the constitutional issue.

Rather, I believe that the trial court's order is clear that it first concluded that Miller's argument did not meet the threshold inquiry for his constitutional claim, and second, that Miller was given the statutorily required sentence for felony murder. Compare *Moore v. State*, 293 Ga. 705, 707–08 (2022) (affirming trial court's conclusion that constitutional void sentence claim failed but vacating sentence because sentence was not legal sentence

---

[5] I assume, without deciding, that the appeal is properly before this Court, contrary to the argument presented in the Attorney General's brief.

under statutory law applicable at the time), disapproved on other grounds, *Kimbrough v. State*, 300 Ga. 516, 519–20 (2017). Thus, the trial court determined that Miller's void-sentence claim failed and appropriately dismissed the motion for lack of jurisdiction. See *von Thomas v. State*, 293 Ga. 569, 571 (2013) (holding that where a defendant does not raise a cognizable void sentence claim, the sentencing court should dismiss the motion for lack of subject matter jurisdiction). Accordingly, I see no basis for remanding to the trial court to clarify its order.

Furthermore, the record is sufficient to show that the trial court correctly rejected Miller's claim. As part of the threshold consideration of the gravity of the offense, the court looks to the statutory elements of the offense and the particular circumstances of the crime as shown by the record. See *Sillah*, 315 Ga. at 754. As the majority recognizes, Miller's argument is that his sentence is void under the Eighth Amendment because his sentence "is disproportionate to an act of unintentional killing." Maj. Op. at 2-3. However, Miller was not convicted of a crime involving the intent to kill. Instead, he was convicted of felony murder, which does not require proof of an intent to kill, only the intent to commit the underlying felony. See OCGA § 16-5-1(c); *Burley v. State*, 316 Ga. 796, 803 (2023).[6] Thus, Miller's argument that he did not intend to kill the victim ignores the statutory elements of his crime and relies on a false premise.

Moreover, the trial court correctly determined that an in-

---

[6] If Miller had been convicted of involuntary manslaughter, which requires proof of "the death of another human being without any intention to do so by the commission of an unlawful act other than a felony," OCGA § 16-5-3(a), he would have a valid void sentence claim, given that the maximum sentence for involuntary manslaughter is 10 years imprisonment. See id.

ference of gross disproportionality has not been raised, either generally or under the facts of this case. Miller made no argument below that a sentence of life imprisonment is an unduly severe punishment for the taking of a life during the commission of a felony. Nor do the particular facts of this case suggest that the sentence is grossly disproportionate to Miller's crime. As reflected in our opinion affirming the conviction, see *Miller v. State*, 275 Ga. 730, 730 (2002), and in the trial transcript, which is included in the record on appeal, the evidence showed that the victim was two years younger than Miller and that, before the day of the fatal assault, Miller "taunted" the victim and told others that he planned to "beat the hell out of" the victim, derisively referring to the victim as his "gay neighbor." On the day of the incident, while Miller and the victim were on the bus, Miller bullied the victim, calling him names such as "bitch" and asking "anyone in general whether he should hit [the victim] in the back of the head or run around and hit him in the face." At the bus stop, the victim exited the bus, walking "at a fast pace … a little more than normal," and Miller came up behind him, punched him in the back of the head, hit him in the face as the victim began to fall, and then kicked him as he lay on the ground. Miller laughed and then fled. Under these circumstances, I cannot say that the trial court erred in determining that Miller failed to establish that his life sentence was grossly disproportionate to the particular circumstances of the crime.[7]

---

[7] Yes, Miller was 15 years old at the time and, according to his testimony at the hearing below, had disciplinary infractions prior to his first becoming eligible for parole in 2013 but has not had any since that time. However, because the trial court did not err in dismissing his void-sentence claim, the question of whether he should be released from the terms of his sentence is reserved to the discretion of the Board of Pardons and Paroles. See Ga.

I am authorized to state that Justices Ellington and Land join in this dissent.

---

Const. of 1983, Art. IV, Sec. II, Par. II; *Manley v. State*, 287 Ga. 338, 341 (2010).